Judge Underwood
delivered the opinion of the Court.
King filed his bill in the Henderson circuit court against Dicken and others, to obtain a conveyance for a tract of land lying in Henderson county, and. which had been sold to him by Dicken. The title was to be obtained from Smith. By an amendment of the original bill. King alleged, that the land had been recovered from him by the paramount title of Buck, and therefore he claimed a return of the purchase money. The subpoena was sent to Ohio county, and there served on Smith and Dicken, and a return of not found made as to another defendant. Smith alone answered. The court dismissed the bill as to him, but decreed against Dicken, to reverse which decree, this writ of error is prosecuted. 7 r
It is only necessary to enquire whether the court had jurisdiction of the controversy. It certainly had not. The defendants did not live in Henderson county, At least no process was served on them in that county. It was not a proceeding in rem. to affect the land. The canse of action was transitory. The principles ap*. plicableto the present case are clearly and satisfactorily laid down in the cases of Dunn and wife vs, *592 McMillen, I. Bibb, 410;Lewis vs. Morton, V.Monroe, 3; Williams vs. Burnett, VI Monroe, 323. The present is not like the case of Hynes vs. Oldham, III. 266.
Unknown heirs & non-residentdef’ts may be pro-gainst, with a view to ob-circuit in’ which land lies. But this is principle of necessity statute,116 ^
Talbot, for plaintiff; Hoggin, for defendant.
Unknown heirs or non-resident defendants may Proceeded against, with a view to obtain titles in the circuit in which the land,lies. : This is a principle of necessity sanctioned by statute. Unknown heirs and non residents can be reached in no other manner, but the rule, in respect to resident citizens, who are known, is different, and ought to be.
• The court should have dismissed the complainant’s bill for want of jurisdiction,
Wherefore, the decree is reversed, and the cause remanded, with directions to dismiss the complain-ant’s hill so far as it relates to the plaintiff" in error without prejudice. The plaintiff" must recover his costs.